**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AXIANT, LLC, | ) | Case No. 09-14118 (MFW) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ALFRED T. GIULIANO, Chapter 7 | ) | |
| Trustee for AXIANT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 12-50526 (MFW) |
| | ) | |
| GENESIS FINANCIAL SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of Genesis Financial

Solutions, Inc. ("Genesis") to Dismiss the Trustee's Complaint,

for improper venue.  For the reasons set forth below, the Court

will grant the Motion.

I.   <u>BACKGROUND</u>

In November, 2008, Genesis and Axiant, LLC ("the Debtor")

entered into an Attorney Network Services Agreement (the

_____

[1] The Court is not required to state findings of fact or
conclusions of law pursuant to Rule 7052(a)(3) of the Federal
Rules of Bankruptcy Procedure.  Accordingly, the Court herein
makes no findings of fact or conclusions of law.  Instead, the
facts recited are as averred in the Complaint, which must be
presumed as true for the purposes of this Motion to Dismiss.  See
Ascroft v. Iqbal, 556 U.S. 662, 678 (2009).

"Agreement") pursuant to which Genesis placed certain accounts with the Debtor for collection on a contingent fee basis.  (Adv. D.I. 14 at Ex. A.)[2]

On November 20, 2009, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 28, 2009, the Bankruptcy Court entered an Order converting the case to a case under chapter 7 of the Bankruptcy Code.  (D.I. 172.)  The Court appointed Alfred T. Giuliano as the chapter 7 trustee (the "Trustee").  (D.I. 173.)

On April 16, 2012, the Trustee filed a Complaint against Genesis alleging that: (i) Genesis breached the Agreement by failing to remit pre-petition contingency fees totaling $140,894.82 owed to the Debtor; (ii) Genesis was unjustly enriched as a result of the breach; and (iii) Genesis must turn over said property pursuant to section 542.  On July 5, 2012, Genesis filed a motion to dismiss the complaint for improper venue under Rule 12(b)(3).  Fed. R. Civ. P. 12(b)(3); Fed. R. Bankr. 7012(b).  (Adv. D.I. 8.)


II.  JURISDICTION

The Court has subject matter jurisdiction over this adversary proceeding.  28 U.S.C. §§ 1334(b) & 157(a).  The

---

[2]  Citations to pleadings in the bankruptcy case are "D.I. #" and to pleadings in the adversary proceeding are "Adv. D.I. #."

Trustee asserts this is a core proceeding.  28 U.S.C. §
157(b)(2)(A), (E) and (O).  However, breach of contract and
unjust enrichment claims are not core proceedings.  In re
AstroPower Liquidating Trust, 335 B.R. 309, 323 (Bankr. D. Del.
2005).  Nonetheless, the Court has the power to enter an order on
a motion to dismiss even if the matter is not core.  See, e.g.,
In re Trinsum Grp., Inc., 467 B.R. 734, 739 (Bankr. S.D.N.Y.
2012) ("After Stern v. Marshall, the ability of bankruptcy judges
to enter interlocutory orders in proceedings . . . has been
reaffirmed . . . ."); Boyd v. King Par, LLC, Case No. 11-CV-1106,
2011 WL 5509873, at *5 (W.D. Mich. Nov. 10, 2011) ("[U]ncertainty
regarding the bankruptcy court's ability to enter a final
judgment . . . does not deprive the bankruptcy court of the power
to entertain all pretrial proceedings, including summary judgment
motions.").


III. DISCUSSION

     Genesis' motion to dismiss is based on a forum selection
clause contained in the parties' Agreement.  See, e.g., Lipcon v.
Underwriters at Lloyd's, 148 F.3d 1285, 1290 (11th Cir. 1998)
(holding that a motion to dismiss based on a forum selection
provision should be brought pursuant to Rule 12(b)(3)).  Genesis
asserts that it is appropriate at the motion to dismiss stage to
consider the Agreement which is specifically referenced in the

Complaint in considering whether venue is proper.  See, e.g.,
Indus. Enter. of Am., Inc. v. Tabor Acad. (In re Pitt Penn
Holding Co., Inc.), Adv. No. 11-51879, 2011 WL 4352373 (Bankr. D.
Del. 2011) ("Well-established case law permits the Court to take
judicial notice of documents that are either integral to the
Complaint and whose authenticity is undisputed, or are matters of
public record and may be considered without converting the Motion
to a motion for summary judgment under Federal Rule of Civil
Procedure 12(d).").

In this case, the Agreement provides in pertinent part: "The
parties agree that the state and federal courts sitting in
Georgia and Oregon will have exclusive jurisdiction over any
claims arising out of this Agreement and each party consents to
the exclusive jurisdiction of such courts."  (Adv. D.I. 14 at Ex.
A.)  The parties agree that the provision covers the breach of
contract and unjust enrichment claims stated in the Complaint.

Genesis argues that the forum selection clause provides
Georgia and Oregon with exclusive jurisdiction over any matter
arising from the Agreement.  See, e.g., DHP Holdings II Corp. v.
Home Depot, Inc. (In re DHP Holdings II Corp.), 435 B.R. 264, 273
(Bankr D. Del. 2010) (upholding a forum selection clause because
it is a manifestation of the parties' preferences as to a
convenient forum).  A clause in a contract is a forum selection
clause if it includes "[m]andatory language [which] indicates

4

that the parties have selected a particular forum" for any

disputes arising out of the agreement.  IFC Credit Corp. v.

Burton Indus., Inc., No. 04-C-5906, 2005 WL 1243404, at *2 (N.D.

Ill. 2005).  Therefore, Genesis contends that the Trustee's non-

core claims of breach of contract and unjust enrichment should be

dismissed for improper venue and the third claim for the turnover

of property of the estate should be dismissed as moot because it

is predicated on a finding of liability on the other two counts.

The Trustee argues, however, that: (i) the Court should

apply the factors relevant to a motion to transfer venue instead

of the law on forum selection clauses; (ii) enforcement of the

forum selection clause would be unreasonable under the

circumstances; (iii) the forum selection clause is unenforceable

as to the Trustee as it was not "freely" chosen by him; and (iv)

in the event the Court concludes that the forum selection clause

is enforceable, the Court should transfer the adversary

proceeding to the District Court for the Northern District of

Georgia pursuant to 28 U.S.C. § 1406(a).

A.   Legal Standard for Forum Selection Clauses

The Trustee first argues that had the litigation over this

dispute been initiated in Georgia or Oregon, the Trustee would

have moved for change of venue to Delaware.  Thus, the Trustee

contends that this Court should consider the factors for transfer

of venue – which the Trustee alleges weigh in favor of sustaining

venue in Delaware – as opposed to applying the law on forum
selection clauses in the context of an adversary proceeding.
Genesis responds that the Court should not entertain the
Trustee's hypothetical motion for a change of venue, but instead,
should apply the law as it relates to forum selection clauses.

On a motion to transfer venue under section 1404(a), the
presence of a valid forum selection clause is not determinative,
but is only a significant factor in the court's analysis.
Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30-31 (1988).
"Whether the action should be transferred involves a multi-
factored test incorporating the forum selection clause as one
facet of the convenience-of-the-parties consideration."  Jumara
v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995).

In the present case, however, the Trustee has not filed a
motion to transfer venue under section 1404(a) because the
Trustee, as the party bringing the action, filed the Complaint in
Delaware.  The Trustee provides no reason, and the Court has
found none, that would allow the Court to apply the standards for
change of venue to a motion to dismiss for improper venue.
Accordingly, the Court will only apply the law on forum selection
clauses as it applies in the bankruptcy context under Rule
12(b)(3).

First, the contract's governing law determines the
enforceability of the forum selection clause, unless a

"significant conflict between some federal policy or interest and the use of state law exists." Kurz v. EMAK Worldwide, Inc., 464 B.R. 635, 640 (Bankr. D. Del. 2011) (quoting Diaz Contracting, Inc. v. Nanco Contracting Corp. (In re Diaz Contracting, Inc.), 817 F.2d 1047, 1050 (3d Cir. 1987), overruled on other grounds by Lauro Line v. Chasser, 490 U.S. 495 (1989). Here, the Agreement states that all disputes regarding the Agreement shall be governed according to Delaware law. (Adv. D.I. 14 at Ex. A.)  In Delaware, forum selection clauses are presumptively valid. AstroPower, 335 B.R. at 327.

Further, the Third Circuit has held that forum selection clauses are binding upon bankruptcy courts in non-core proceedings. See, e.g., In re Exide Technologies, 544 F.3d 196, 206 (3d Cir. 2008) (holding that the forum selection clause would be enforced if the claims were determined to be non-core). See also Diaz Contracting, 817 F.2d at 1051-53. Courts reason that the strong policy favoring centralization of bankruptcy proceedings in bankruptcy courts does not justify the non-enforcement of a forum selection clause in a non-core proceeding. Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 201-02 (3d Cir. 1983), overruled in part on other grounds by Lauro Line v. Chasser, 490 U.S. 495 (1989). See also In re McCrary & Dunlap Constr. Co., LLC, 256 B.R. 264, 267 (Bankr. M.D. Tenn. 2000).

Therefore, the dispositive issue in the enforcement of the forum selection clause is whether the state law causes of action brought by the Trustee are 'core' bankruptcy claims.  Courts determine whether a proceeding is core by consulting two sources. Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999).  First, a court must consult section 157(b) of title 28 which "provides an illustrative list of proceedings that may be considered 'core.'" Id.  Second, the court must apply the Third Circuit's test to determine whether it is core: "a proceeding is core (1) if it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case."  Id. (citing Torkelsen v. Maggio (In re Guild & Gallery Plus, Inc.), 72 F.3d 1171, 1178 (3d Cir. 1996)).

Genesis argues that the Trustee's claims for breach of contract and unjust enrichment are not among those delineated as "core proceedings" under section 157(b)(2).  See, e.g., Astro Power, 335 B.R. at 323 (holding that unjust enrichment claims and breach of contract claims are generally non-core); Nat'l Enter., Inc. v. Koger Partnership (In re Nat'l Enter., Inc.), 128 B.R. 956, 960 (Bankr. E.D. Va. 1991) (holding that a pre-petition breach of contract claim was logically non-core because the parties contracted before bankruptcy under the notions that each was a healthy and viable company).

The Court agrees with Genesis.  The Trustee's claims for

breach of contract and unjust enrichment are not capable of arising only in the context of a bankruptcy case.  These claims are clearly state law causes of action.  Thus, these actions "arise under non-bankruptcy law and would exist independent of the bankruptcy case."  Astro Power, 335 B.R. at 323.  Therefore, as non-core matters, the law governing the enforcement of forum selection clauses will be applied.

> B.    Reasonableness of Forum Selection Clause

Since forum selection clauses are presumptively valid under Delaware law, the burden of proof shifts to the Trustee to prove that the "enforcement of the clause would be unreasonable under the circumstances."  AstroPower, 335 B.R. at 327.  See also M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972), overruled in part on other grounds by Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224 (2007) (holding that a forum selection clause is presumptively valid and should be enforced unless the resisting party demonstrates that enforcement would be unreasonable under the circumstances).

Courts have held that a forum selection clause is unreasonable where: (i) its enforcement would violate a strong public policy of the forum; (ii) the selected forum is so seriously inconvenient that it deprives a party of its day in court; or (iii) its incorporation into the contract is the result of fraud or overreaching.  See, e.g., Bremen, 407 U.S. at 10;

9

Moneygram Payment Sys., Inc. v. Consorcio Oriental, S.A., 65 Fed.
Appx. 844, 847 (3d Cir. 2003); Kurtz, 464 B.R at 640.

Here, the Trustee does not allege fraud or overreaching, but
argues that adjudicating the case in Oregon or Georgia will be
expensive and inconvenient and that it would be difficult for the
Trustee's consultant, who is a resident of North Carolina, to
appear in Oregon.  The Trustee further contends that it may not
be worthwhile for the estate to litigate the case to judgment in
either Georgia or Oregon.

The Court concludes that this hardly meets the standard for
unreasonableness.  "Mere inconvenience or additional expense is
not the test of unreasonableness, since it may be assumed that
the plaintiff received under the contract consideration for these
things."  Diaz Contracting, 817 F.2d at 1053.  The Trustee has
failed to show that the selected forum is "so seriously
inconvenient that it deprives [the Trustee] of [his] day in
court."  Bremen, 407 U.S. at 18.  Therefore, the Court concludes
that the Trustee has not met his heavy burden of proving that the
enforcement of the forum selection clause is unreasonable.

C.    Enforceable Against Trustee

The Trustee argues that the venue selection clause in the
Agreement is unenforceable against him because he was not a party
to the Agreement and did not "freely choose" to litigate in
Georgia or Oregon.  The Trustee states that as a matter of public

10

policy, a chapter 7 estate should not be bound by a venue

selection clause because it has limited resources.  The Trustee,

however, fails to cite any law in support of this argument.

Genesis responds that the forum selection clause is enforceable

against the chapter 7 trustee because the trustee "steps into the

shoes of the debtor."  Hays and Co. v. Merrill Lynch, Pierce,

Fenner & Smith, Inc., 885 F.2d 1149, 1154 (3d Cir. 1989).

The Court agrees with Genesis.  The Third Circuit has held

that a trustee is bound by a debtor's pre-petition contract in

non-core matters.  Hays, 885 F.2d at 1162 (holding that trustee

was bound by arbitration clause in pre-petition contract and

noting that "[f]or the purposes of this appeal, we do not see any

relevant distinction between a forum selection clause and an

arbitration clause").

The Court finds the holding in Hays to be persuasive.  In

the case at bar, the Trustee has identified no provisions of

bankruptcy law suggesting that forum selection clauses are

unenforceable in a non-core adversary proceeding.  Further, the

Trustee's argument that public policy would be offended if the

forum selection clause were to be applied in this case is

unpersuasive.  Instead, there is a strong federal policy in favor

of the enforcement of forum selection clauses.  See Bremen, 407

U.S. at 9-10; Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1361 (2d

Cir. 1993).  Courts have recognized that forum selection clauses

11

have economic value and should be enforced in accordance with the expectations of the parties.  See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 594 (1991); Bremen, 407 U.S. at 13-15; Aquas Lenders Recovery Grp., LLC v. Suez, S.A., No. 08-1589-CV, 2009 WL 3403172, at *3-4 (2d Cir. Oct. 23, 2009); Roby, 996 F.2d at 1363. The Trustee merely asserts that the lack of funding for trustees would make it unfair to litigate in other jurisdictions.  This policy rationale is unconvincing and insufficient to rebut the presumption that forum selection clauses should be enforced in non-core matters.  Accordingly, the Court finds that the Trustee is bound to the parties' forum-selection clause in the Agreement.

      D.    Transfer under 28 U.S.C. § 1406(a)

Lastly, the Trustee requests that if the forum selection clause is enforceable, then the Court should transfer the case to the District Court for the Northern District of Georgia as the appropriate forum.  See, e.g., QVC, Inc. v. Your Vitamins, Inc., 753 F. Supp. 2d 428, 433-434 (D. Del. 2010) (holding that a court may sua sponte cure jurisdictional and venue defects by transferring a suit under 28 U.S.C. § 1406(a)).  Section 1406 requires that the court dismiss or transfer, in the interest of justice, a case brought in an improper venue.  28 U.S.C. § 1406. The majority of courts have held that section 1406(a) governs bankruptcy cases as well as district court cases.  See, e.g., Thompson v. Greenwood, 507 F.3d 416, 418-19 (6th Cir. 2007)

12

(holding that section 1406 applies to bankruptcy cases because bankruptcy courts are a unit of the district courts); U.S. Tr. v. Sorrells (In re Sorrells), 218 B.R. 580, 587-90 (B.A.P. 10th Cir. 1998) (holding that the transfer of venue in bankruptcy cases in the interest of justice requires the case be dismissed or transferred to the proper venue under section 1406(a) if initially filed in the wrong venue).  The interest of justice standard is broad and flexible and considers whether:

> (i) transfer would promote the economic and efficient administration of the bankruptcy estate; (ii) the interest of judicial economy would be served by the transfer; (iii) the parties would be able to receive a fair trial in each of the possible venues; (iv) either forum has an interest in having the controversy decided within its borders; (v) the enforceability of any judgment would be affected by the transfer; and (vi) the plaintiff's original choice of forum should be disturbed.

In re Dunmore, 380 B.R. 663, 670-71 (Bankr. S.D.N.Y. 2008).  The Trustee contends that it will be more expeditious and efficient to transfer the matter to Georgia because of its close proximity to Delaware and his consultant.

Genesis argues that the case should not be transferred to the District Court for the Northern District of Georgia because it "could [not] have been brought" in that court.  See 28 U.S.C § 1406.  Genesis contends that the District Court does not have subject matter jurisdiction over the claims because the claims are traditional state law claims which require diversity jurisdiction under 28 U.S.C. § 1332.  The Trustee has failed to

alleged diversity of citizenship in the Complaint and, in fact, cannot because both the Debtor and Genesis are incorporated in Delaware.  Therefore, the District Courts in Georgia and Oregon do not have subject matter jurisdiction, only the state courts sitting in those such states do.

The Court concludes that the interest of justice does not require that the Trustee's case be transferred rather than dismissed.  Transfer will not promote the economic and efficient administration of the adversary proceeding because the Trustee has not determined the proper state court in which to bring the case.  Thus, the Court will, instead, grant Genesis' motion to dismiss the adversary proceeding for improper venue.


IV.   CONCLUSION

For the foregoing reasons, the Court will grant Genesis' motion to dismiss.

An appropriate Order is attached.




Dated: November 15, 2012          BY THE COURT:

                                  Mary F. Walrath
                                  United States Bankruptcy Judge